UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

TAMARA L. WADE,                          )
                                         )   No. CV-09-0215-CI
              Plaintiff,                 )
                                         )   ORDER DENYING PLAINTIFF'S
v.                                       )   MOTION FOR SUMMARY JUDGMENT
                                         )   AND GRANTING DEFENDANT'S
MICHAEL J. ASTRUE, Commissioner          )   MOTION FOR SUMMARY JUDGMENT
of Social Security,                      )
                                         )
              Defendant.                 )
                                         )

          BEFORE THE COURT are cross-Motions for Summary Judgment. (Ct.
Rec. 13, 16.)  Attorney Maureen R. Rosette represents Tamara Wade
(Plaintiff); Special Assistant United States Attorney Michael Howard
represents the Commissioner of Social Security (Defendant).   The
parties have consented to proceed before a magistrate judge. (Ct.
Rec. 8.)  After reviewing the administrative record and briefs filed
by the parties, the court **DENIES** Plaintiff's Motion for Summary
Judgment, and directs entry of judgment for Defendant.

                              **JURISDICTION**

          Plaintiff protectively filed for Supplemental Security Income
(SSI) on December 20, 2006.  (Tr. 86.)  She alleged disability due
to bipolar disorder, scoliosis and a hearing impairment, with an
onset date of October 1, 2000.  (Tr. 90.)  Benefits were denied
initially and on reconsideration.  On August 17, 2007, Plaintiff

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 1

1  timely requested a hearing before an administrative law judge (ALJ),

2  which was held before ALJ R.S. Chester on October 7, 2008. (Tr. 16,

3  28-53.)  Plaintiff, who was represented by counsel, and vocational

4  expert Deborah LaPoint (VE) testified.  The ALJ denied benefits on

5  November 5, 2008, and the Appeals Council denied review. (Tr. 1-5,

6  16-27.)  The instant matter is before this court pursuant to 42

7  U.S.C. § 405(g).

8  **STANDARD OF REVIEW**

9      In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the

10  court set out the standard of review:

11      A district court's order upholding the Commissioner's
    denial of benefits is reviewed *de novo*. *Harman v. Apfel*,
12  211 F.3d 1172, 1174 (9th Cir. 2000).  The decision of the
    Commissioner may be reversed only if it is not supported
13  by substantial evidence or if it is based on legal error.
    *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).
14  Substantial evidence is defined as being more than a mere
    scintilla, but less than a preponderance.  *Id*. at 1098.
15  Put another way, substantial evidence is such relevant
    evidence as a reasonable mind might accept as adequate to
16  support a conclusion.  *Richardson v. Perales*, 402 U.S.
    389, 401 (1971).  If the evidence is susceptible to more
17  than one rational interpretation, the court may not
    substitute its judgment for that of the Commissioner.
18  *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of
    Social Sec. Admin*., 169 F.3d 595, 599 (9th Cir. 1999).

19

20      The ALJ is responsible for determining credibility,
    resolving conflicts in medical testimony, and resolving
21  ambiguities.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th
    Cir. 1995).  The ALJ's determinations of law are reviewed
22  *de novo*, although deference is owed to a reasonable
    construction of the applicable statutes. *McNatt v. Apfel*,
23  201 F.3d 1084, 1087 (9th Cir. 2000).

24      It is the role of the trier of fact, not this court, to resolve

25  conflicts in evidence.  *Richardson,* 402 U.S. at 400.  If evidence

26  supports more than one rational interpretation, the court may not

27  substitute its judgment for that of the Commissioner. *Tackett*, 180

28

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 2

1   F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).

2   Nevertheless, a decision supported by substantial evidence will

3   still be set aside if the proper legal standards were not applied in

4   weighing the evidence and making the decision. *Brawner v. Secretary*

5   *of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If

6   there is substantial evidence to support the administrative

7   findings, or if there is conflicting evidence that will support a

8   finding of either disability or non-disability, the finding of the

9   Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-

10  1230 (9th Cir. 1987).

11                          **SEQUENTIAL EVALUATION**

12      Also in *Edlund*, 253 F.3d at 1156-1157, the court set out the

13  requirements necessary to establish disability:

14      Under the Social Security Act, individuals who are
        "under a disability" are eligible to receive benefits. 42
15      U.S.C. § 423(a)(1)(D). A "disability" is defined as "any
        medically determinable physical or mental impairment"
16      which prevents one from engaging "in any substantial
        gainful activity" and is expected to result in death or
17      last "for a continuous period of not less than 12 months."
        42 U.S.C. § 423(d)(1)(A). Such an impairment must result
18      from "anatomical, physiological, or psychological
        abnormalities which are demonstrable by medically
19      acceptable clinical and laboratory diagnostic techniques."
        42 U.S.C. § 423(d)(3). The Act also provides that a
20      claimant will be eligible for benefits only if his
        impairments "are of such severity that he is not only
21      unable to do his previous work but cannot, considering his
        age, education and work experience, engage in any other
22      kind of substantial gainful work which exists in the
        national economy. . . ." 42 U.S.C. § 423(d)(2)(A). Thus,
23      the definition of disability consists of both medical and
        vocational components.
24
        In evaluating whether a claimant suffers from a
25      disability, an ALJ must apply a five-step sequential
        inquiry addressing both components of the definition,
26      until a question is answered affirmatively or negatively
        in such a way that an ultimate determination can be made.
27      20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f). "The
        claimant bears the burden of proving that [s]he is
28

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 3

disabled." *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). This requires the presentation of "complete and detailed objective medical reports of h[is] condition from licensed medical professionals." *Id.* (citing 20 C.F.R. §§ 404.1512(a)-(b), 404.1513(d)).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971). This burden is met once a claimant establishes that a physical or mental impairment prevents her from engaging in her previous occupation. 20 C.F.R. §§ 404.1520(a), 416.920(a). At step five, the burden shifts to the Commissioner to show that (1) the claimant can perform other substantial gainful activity; and (2) a "significant number of jobs exist in the national economy" which claimant can perform. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## STATEMENT OF THE CASE

The facts of the case are set forth in detail in the transcript of proceedings and are briefly summarized here. At the time of the hearing, Plaintiff was 42 years old, unmarried, and living with her 16 year daughter and 13 year old son in a two-story single dwelling house. (Tr. 33, 36.) Plaintiff testified her son is a special needs child with intestinal problems. She indicated recent surgery has improved her son's condition. (Tr. 35.) She stated she helps him with homework and works with the school to address his needs.

(Tr. 34-36.)  Plaintiff testified she has a high school diploma and past work experience as a cook and bartender.  She stated she quit her last job as a bartender because she became overwhelmed and cried all the time, and her scoliosis kept her from working.  She indicated she received unemployment for about six months.  (Tr. 37-39.)  Plaintiff testified she could stand for one half hour, had left hand cramps and left arm numbness; she could carry ten pounds, walk three to five blocks, and sit for an hour.  (Tr. 40-42, 45.)  She said she no longer does many outside activities, and gets overwhelmed and starts crying when doing household chores.  (Tr. 42.) However, she reported she has five grandchildren who live in town, and she takes care of a one month old grandchild once a week. (Tr. 44.)  She testified she cannot work because of depression, anxiety and scoliosis.  (Tr. 37, 39.)

### ADMINISTRATIVE DECISION

At step one, ALJ Chester found Plaintiff had not engaged in substantial gainful activity since the alleged onset date.  (Tr. 18.)  At step two, he found Plaintiff had severe impairments of bipolar disorder and anxiety.  (*Id*.)  Noting that medical records from treating physicians did not reflect complaints of or treatment for back pain, the ALJ found scoliosis imposed minimal limitations on Plaintiff's ability to perform work-related activities and was, therefore, a non-severe impairment.  He also found her hearing impairment was non-severe.  (Tr. 22.)  At step three, he found Plaintiff's impairments, alone and in combination, did not meet or medically equal one of the listed impairments in 20 C.F.R., Appendix 1, Subpart P, Regulations No. 4 (Listings).  (*Id*.)  The ALJ

summarized Plaintiff's testimony and concluded her statements regarding the severity of her functional limitations were not fully credible. (Tr. 23-24.)  At step four, he determined she had the residual functional capacity (RFC) to perform medium work, but she could not work in a noisy environment and should avoid noisy machinery and heights due to her impaired hearing. He determined her work should require only superficial contact with the public and co-workers.  (Tr. 23.)  Based on this RFC and VE testimony, the ALJ concluded Plaintiff could perform her past work as a short order cook.  Finding that it was uncertain her past work rose to the level of substantial gainful activity, the ALJ proceeded to step five and found Plaintiff's non-exertional limitations would not significantly erode the occupational base of unskilled, medium level work.  (Tr. 26.)  Referencing the Medical-Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, Appendix 2, he concluded Plaintiff was not disabled, as defined by the Social Security Act, at any time from December 20, 2006, through the date of his decision.  (*Id.*)

## ISSUES

The question is whether the ALJ's decision is supported by substantial evidence and free of legal error.  Plaintiff argues the ALJ erred when he rejected the opinions of examining psychologist Dennis Pollack, Ph.D., in favor of the opinions of Joyce Everhart, Ph.D.; improperly disregarded limitations assessed by non-examining psychologist James Bailey, Ph.D.; and failed to include mental limitations supported by the record in the final RFC determination. (Ct. Rec. 14 at 10-13.)

1                              **DISCUSSION**

2  **A.    Medical Source Opinions**

3        In  disability  proceedings,  the  ALJ  evaluates  the  medical

4  evidence submitted and must explain the weight given to the opinions

5  of  accepted  medical  sources  in  the  record.    The  Regulations

6  distinguish  among  the  opinions  of  three  types  of  accepted  medical

7  sources: (1) sources who have treated the claimant; (2) sources who

8  have  examined  the  claimant;  and  (3)  sources  who  have  neither

9  examined nor treated the claimant, but express their opinion based

10 upon  a  review  of  the  claimant's  medical  records.    20  C.F.R.  §§

11 404.1527,  416.927.    A  treating  physician's  opinion  carries  more

12 weight than an examining physician's, and an examining physician's

13 opinion  carries  more  weight  than  a  non-examining  reviewing  or

14 consulting physician's opinion.  *Benecke v. Barnhart,* 379 F.3d 587,

15 592 (9th Cir. 2004);  *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir.

16 1995).  The Commissioner must provide "clear and convincing" reasons

17 for rejecting the uncontradicted opinion of a treating or examining

18 physician."  *Lester*, 81 F.3d at 830.   If the medical opinion is

19 contradicted,  it  can  only  be  rejected  for  specific  and  legitimate

20 reasons that are supported by substantial evidence in the record.

21 *Andrews,* 53 F.3d at 1043.

22       State agency psychologists are treated as expert non-examining

23 sources  in  disability  proceedings.    The  ALJ  may  not  ignore  these

24 opinions and must explain the weight given.  *SSR* 96-6p.  The opinion

25 of  a  non-examining  medical  expert  or  state  agency  consultant  by

26 itself  cannot  be  considered  substantial  evidence  that  supports  the

27 rejection  of  a  treating  or  examining  physician.    *Lester*, 81 F.3d at

28

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 7

831. However, the opinions of non-examining reviewing psychologists may serve as substantial evidence when supported by and consistent with other evidence in the record. *Andrews,* 53 F.3d at 1041.

Historically, the courts have recognized conflicting medical evidence, the absence of regular medical treatment during the alleged period of disability, and the lack of medical support for doctors' reports based substantially on a claimant's subjective complaints of pain as "specific," "legitimate" reasons for disregarding a treating or examining physician's opinion. *Flaten v. Secretary of Health and Human Servs.*, 44 F.3d 1453, 1463-64 (9th Cir. 1995); *Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir. 1989). Medical opinions based on a claimant's subjective complaints may be rejected where the claimant's credibility has been properly discounted.[1] *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). The claimant's credibility is also an appropriate factor weighed in the evaluation. *Webb v. Barnhart*, 433 F.3d 683, 688 (9th Cir. 2005). Where an ALJ determines a treating or examining physician's stated opinion is materially inconsistent with the physician's own treatment notes, legitimate grounds exist for considering the

---

[1] The ALJ's credibility findings are specific, "clear and convincing" and unchallenged. (Tr. 24.) He properly noted instances of inconsistency between Plaintiff's statements to medical providers and her testimony, her failure to take effective medication consistently, and the lack of medical evidence to support allegations of physical limitations. (*Id.*) These are proper reasons supported by substantial evidence. *See, e.g., Flaten*, 44 F.3d at 1463-64.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 8

purpose for which the doctor's report was obtained and for rejecting the inconsistent, unsupported opinion. *Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996). Rejection of an examining medical source opinion is specific and legitimate where the medical source's opinion is not supported by his own medical records and/or objective data. *Tommasetti v. Astrue*, 533 F.3d 1035 (9th Cir. 2008).

Dr. Pollack evaluated Plaintiff in September 2008; he administered objective tests for intelligence (WAIS), personality (MMPI-2), an obsessive compulsive inventory, and neuropsychological and malingering tests. His narrative report describes test results indicating average intelligence; possible overstatement of difficulties; mild to moderate range of obsession/compulsion; and normal range in the neuropsychological and malingering tests. (Tr. 262-64.) His Axis III diagnoses were based on Plaintiff's self-report of bipolar disorder, anxiety, hearing loss, depression, panic attacks, asthma, chronic acid esophagus, dyslipidemia, hearing lost and abnormal weight gain. (Tr. 264.) He assigned a global assessment of functioning (GAF) score of 60 (moderate).

The ALJ noted "[t]he body of Dr. Pollack's report indicates questionable validity scales on the MMPI-2" and inconsistencies between Plaintiff's self-report and assessed limitations. He also cited the GAF score as inconsistent with the moderate and marked limitations in pace and performance.[2] (Tr. 25.) These are specific

---

[2] The Global Assessment of Functioning (GAF) scale is a common tool used by psychologists for tracking and evaluating the overall psychological functioning of a patient. A score of 51-60 indicates

legitimate reasons to reject Dr. Pollack's medical opinion. Further, the evidence of overstatement of symptoms detracts from the validity of test results. It also is noted on review Plaintiff's report to Dr. Pollack that she quit her bartender job because the business closed is inconsistent with her statement to the ALJ that she quit because of depression and uncontrollable crying. (Tr. 24, 38, 260.) This evidence of unreliable self-report is a legitimate reason to reject a medical opinion based on the claimant's symptom complaints. *Tonapetyan*, 242 F.3d at 1149. The ALJ's reasoning that Dr. Pollack's opinion is frequently sought by claimant's counsel because he consistently finds this marked limitation is erroneous

---

"moderate symptoms (*e.g.*, flat affect and circumstantial speech, occasional panic attacks) OR moderate difficulty in social, occupational, or school functioning ( *e.g.*, no friends, unable to keep a job.)" A score of 61-70 indicates "some mild symptoms, (e.g., depressed mood and mild insomnia) OR some difficulty in social, occupational, or school functioning (e.g., occasional truancy, or theft within the household), but generally functioning pretty well, has some meaningful interpersonal relationships." *DSM-IV*, at 32. Although the Commissioner does not use the GAF score as an indicator of disability, it is noted on review that this moderate score assessed in Dr. Pollack's narrative report is significantly inconsistent with the single marked limitation in sustained concentration and persistence noted in his Medical Source Statement. (Tr. 266.) The ALJ properly identified this unexplained inconsistency as a reason for rejecting the marked limitation. (Tr. 25.)

and unsupported by substantial evidence. *Lester*, 81 F.3d at 832. However, where, as here, the Commissioner has provided other specific, legitimate reasons, the error is harmless. *Carmickle*, 533 F.3d at 1164.

The ALJ did not err in giving more weight to Dr. Everhart's evaluation, which was also based in part on objective test results and a review of the medical records. The ALJ summarized Dr. Everhart's and Dr. Pollack's evaluations (Tr. 19-20, 21), properly explained the weight given each report, and rejected Dr. Pollack's conclusory opinions with specific and legitimate reasons. As found by the ALJ, Dr. Everhart's opinions are "consistent with the longitudinal record." (Tr. 25, 172-76.) The resolution of conflicts in medical evidence is the responsibility of the ALJ, not the reviewing court. Where, as here, there is evidence to support both Plaintiff's and the Commissioner's interpretation of the evidence, under the case law the court cannot substitute its judgment for that of the Commissioner. Because the ALJ's reasoning is supported by substantial evidence, his findings may not be disturbed.

**B.    RFC Determination**

The RFC determination represents the most a claimant can still do despite his or her physical and mental limitations. 20 C.F.R. § 416.945. The RFC assessment is not a "medical issue" under the Regulations; it is an administrative finding based on all relevant evidence in the record, not just medical evidence. *Id.* The final determination regarding a claimant's ability to perform basic work is the sole responsibility of the Commissioner. 20 C.F.R. §

416.946; *SSR* 96-5p.   No special significance may be given to a medical source opinion on issues reserved to the Commissioner.  20 C.F.R. § 416.927(e).

ALJ Chester's RFC determination reflects a reasonable interpretation of the medical evidence in its entirety, as well as Plaintiff's credible testimony.  As discussed above, the ALJ properly rejected the single marked limitation assessed by Dr. Pollack in his summary conclusions because it was inconsistent with his narrative findings and the longitudinal record and, therefore, the ALJ relied on Dr. Pollack's narrative report findings.   In addition, it is noted on review that Dr. Pollack found "no limitation" in the majority of capacities rated, findings which support the ALJ's final RFC.  (Tr. 265-66.)

Plaintiff appears to argue the ALJ erred in not incorporating all unrejected moderate limitations noted in Dr. Bailey's RFC summary conclusions into the final RFC determination.  (Ct. Rec. 14 at 12; Tr. 192-93.)  However, the ALJ is not required to include, verbatim, each limitation marked in a credited opinion.  Here, the opinions in Dr. Bailey's summary assessment are consistent with the ALJ's final RFC determination and were duly noted in his decision. (Tr. 25.)  Further, independent review shows the ALJ's final RFC findings reflect accurately Dr. Bailey's narrative functional capacity assessment, which elaborates on "the summary conclusions" of the checkbox form. (Tr. 23, 194.)

As found by Dr. Bailey, Plaintiff was able to understand and remember simple, detailed instructions, work in a setting with infrequent changes, and would benefit from help in planning.  She

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 12

was able to concentrate and persist and could have superficial contact with coworkers and the public. (Tr. 194.) The ALJ properly incorporated these limitations in his RFC and step five findings when he concluded Plaintiff could do a wide range of unskilled medium work with non-exertional limitations related to impaired hearing and superficial contact with the public and co-workers. Referencing *SSR* 83-10, he found her non-exertional limitations would not significantly erode her occupational base.[3] (Tr. 23, 26.) The ALJ's RFC findings represent a rational interpretation of the record in its entirety and will not be disturbed.

**CONCLUSION**

The Commissioner's determination of non-disability is supported by substantial evidence and free of legal error. Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 13)** is **DENIED**;

---

[3] "Unskilled work" involves simple duties that can be learned on the job and require little or no judgment. 20 C.F.R. § 416.968; *Terry v. Sullivan*, 903 F.2d 1273, 1276-77 (9th Cir. 1990). The Medical-Vocational Guidelines take notice of about 2,500 medium, light and sedentary unskilled jobs. Where non-exertional limitations would not significantly erode an occupational base, application of the Medical-Vocational Guidelines is appropriate. *Desrosiers v. Secretary of Health and Human Serv's,* 846 F.2d 573, 577 (9th Cir. 1988)("non-exertional limitations do not automatically preclude applications of the grids"); *Razey v. Heckler*, 785 F.2d 1426, 1430 (9th Cir. 1986); *SSR* 83-10.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 13

1          2.    Defendant's Motion for Summary Judgment **(Ct. Rec. 16)** is

2     **GRANTED.**

3          The District Court Executive is directed to file this Order and

4     provide a copy to counsel for Plaintiff and Defendant. Judgment

5     shall be entered for Defendant, and the file shall be **CLOSED**.

6          DATED November 23, 2010.

7

8                          ____S/ CYNTHIA IMBROGNO____
                            UNITED STATES MAGISTRATE JUDGE
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 14